BRADLEY, WHEELER & CO. *et al.* v. FRANK BORIN.

ATTACHMENT—*Wrongful Levy—Damages—Pleading.* In an action for damages on account of the wrongful levy of an attachment upon goods, wares, and merchandise, special damages for loss of profits not alleged in the petition cannot be recovered.

*Error from Rooks District Court.*

ON December 21, 1887, *Frank Borin* filed his petition in the district court of Rooks county to recover of *Bradley,*

*Wheeler & Co.* and the First National Bank of Stockton, in this state, $1,800, for the alleged wrongful and malicious levy of an attachment writ upon property of Borin, to secure and satisfy a debt from Borin to Bradley, Wheeler & Co. One defense pleaded by Bradley, Wheeler & Co. in that action was a set-off in the sum of $659.57, due from Borin to the company at the time it filed its answer. Trial by jury. The jury made special findings of fact, as follows:

"Ques. 1. Who made the affidavit in attachment and caused the issuance of the order of attachment in the case of Bradley, Wheeler & Co. *v.* Frank Borin? Ans. C. M. Turner, agent of Bradley, Wheeler & Co.

"Q. 2. Was said attachment maliciously sued out? A. Yes.

"Q. 3. If you answer the second question in the affirmative, did Bradley, Wheeler & Co. have knowledge of the malice of their agent at the time the attachment was sued out? A. Yes.

"Q. 4. If you find that the agent of Bradley, Wheeler & Co. acted maliciously in suing out said attachment, and that they had no knowledge of his malicious motive at the time it was sued out, do you find that they ratified his acts therein, with full knowledge of his malice in suing out such attachment? State what they did toward ratifying his act. A. By their acknowledgment in their letter to Borin.

"Q. 5. If you find that plaintiff, Frank Borin, was damaged by reason of the suing out of said attachment, how much do you find he should recover by reason of the malice of defendant's agent and as punitive damages? A. None.

"Q. 6. If you find that plaintiff should recover anything in this action, how much do you find he is entitled to recover as loss of profits on the sale of goods he might have made but for the attachment? A. $200.

"Q. 7. If entitled to recover anything, state how much for loss of business, and state in what his loss of business consists. A. $240.41. Consisted of depression of business caused by attachment suit.

"Q. 8. If entitled to recover anything, state how much for attorney fees. A. $50.

"Q. 9. If entitled to recover anything, state how much for loss of time, and expenses other than attorney fees in procuring the dissolution of the attachment. A. $20."

The damages referred to in the special findings of the jury were deducted from the $659.57 due from Borin to Bradley, Wheeler & Co., and judgment rendered in their favor for $149.16. The petition alleged among other things:

"That at the time said property was attached, plaintiff was engaged in the farming implement business in the city of Stockton, Rooks county, in this state, and was doing a large and lucrative business, and that the sheriff as aforesaid, pursuant to the writ of attachment, entered upon the premises of plaintiff, and removed and took possession of all of the property of plaintiff, and stock in trade, whereby the business of plaintiff was utterly broken up, and the goods of plaintiff became injured and useless to plaintiff, to his damage in the sum of $500. And at the same time, to wit, October 8, 1887, the sheriff, pursuant to the attachment order, levied upon and attached all of the real estate, lands and tenements of the plaintiff, thereby depriving him of the use and enjoyment and profits of the same, and the free use of the same in his business transactions, whereby the credit of this plaintiff became greatly injured, to his damage in the sum of $1,000. That by reason of the said action aforesaid being brought against plaintiff, by said defendants Bradley, Wheeler & Co., and the issue and the levy of the attachment aforesaid, this plaintiff was put to great trouble and expense in defending the same, including his attorney fees, to his damage in the sum of $300."

Upon the trial, the defendants objected to the introduction of any evidence to prove damages for loss of profits and injury to business. The court instructed the jury as follows:

"If you find from the evidence that the plaintiff is entitled to recover damages, you may include therein what the evidence shows to be the expenses of Borin in procuring a discharge of such attachment, including a reasonable attorney's fee, the value of his time while necessarily attending in having such attachment discharged, any loss he may have sustained by being deprived of the use of his property during the time the same was held under the order of attachment, and any costs the said Borin was by law required to pay in order to procure the discharge of such attachment."

After the judgment of $149.16 was rendered in favor of

defendants Bradley, Wheeler & Co., against Borin, they excepted, and bring the case here.

*W. B. Ham,* for plaintiffs in error.

*M. C. Reville,* for defendant in error.

The opinion of the court was delivered by

HORTON, C. J.: On account of the levy and attachment upon his property, the jury allowed the plaintiff below $200 as loss of profits on the sale of his goods, and $240.41 for depression of business. These separate amounts for damages are really for loss of profits. Nothing seems to have been allowed for injury to the credit of the plaintiff below. The evidence shows that Borin, a few weeks prior to the levy of the attachment, transferred his implement and livery business to Elmer Preston, one of his clerks. He gave notice through the newspapers of his county of the transfer, and commended his successor as entitled to a continuance of the liberal patronage theretofore accorded him. After the transfer, Preston held himself out to the public as the owner of the business.

' Where an action is for any tortious act or omission, involving injury or loss of property, the law infers an injury measured by its value, and the injured party may recover that standard under the general averment of damage; but if a plaintiff seeks to recover other damages, they are special and exceptional, and must be alleged and proved. In an action for damages on account of the wrongful levy of an attachment upon personal property, as goods, wares, and merchandise, in order to recover for loss of profits, such loss must be specially alleged, that the defendant may be notified of the charge, and be prepared to meet it. (5 Am. & Eng. Encyc. of Law, 51) Under the pleadings and the instructions of the court, the $140.41 allowed in the special findings for profits and depression of business cannot be sustained. The note or set-off alleged in the answer is admitted. Therefore, upon the special findings, Bradley, Wheeler & Co. are entitled to a judgment of $140.41 more than returned in the

general verdict. The judgment will be reversed, and the cause remanded, with directions to the district court to enter judgment in accordance with the views herein expressed.

All the Justices concurring.