W. E. WILLIAM v. REBECCA PRESSLER.

(Filed July 6, 1901.)

1. **VERDICT DEFINED.** A verdict is the unanimous decision made by a jury and reported to the court, on matters lawfully submitted to them in the course of the trial of a cause, and should be the result of sound judgment, dispassionate consideration and conscientious reflection.

2. **SAME—When Lawful.** Litigants in a cause before a jury are entitled to the free, deliberate, unbiased and conscientious judgment of twelve jurors, and a verdict should not be permitted to stand which has been brought about by any undue or improper influences, or made to depend upon any contingent result.

3. **SAME—Not Lawful, When.** Where a jury after deliberation for a reasonable time, stood three for the defendant and nine for the plaintiff, and the three who were favorable to the defendant signed a written agreement to the effect that they would find for the plaintiff if the other nine would sign a written statement to the effect that they believed the defendant had wilfully testified to a lie, and the other nine, in order to induce the three to agree with them did prepare and sign a written statement wherein they stated that they believed that the defendant did wilfully and knowingly swear falsely in the case then before them, and on this being done, the jury returned a verdict for the plaintiff, **Held,** That such verdict was not the result of free, deliberate and unbiased judgment, and should be set aside.

(Syllabus by the Court.)

*Error from the District Court of Noble County; before B. T. Hainer, Trial Judge.*

*Smith & Johnston,* for plaintiff in error.

*Quick & Bowles,* and *J. L. Pancoast,* for defendant in error.

Opinion of the court by

BURFORD, C. J.: This was an action in forcible detainer, brought on appeal to the district court of Noble county. The property in controversy was a town lot in the city of Perry, the title of which was still in the United States, and for which both plaintiff and defendant were contestants before the interior department. The defendant, Williams, was in actual possession and the plaintiff, Pressler, claimed that he was occupying as a tenant, and that the lease had been terminated by notice. The defendant denied the relation of landlord and tenant, and claimed possession by right of occupancy and improvement. There was but one issue properly made at the pleadings. The plaintiff alleged that she by an oral contract leased the lot to the defendant, and that he had refused after notice to vacate or surrender possession. The defendant denied that he occupied as her tenant, or ever recognized her right to the lot. The evidence as to the oral contract was very weak, and was positively denied by the defendant.

The case was submitted to the jury under proper instructions, and the jury returned a verdict for the plaintiff. The defendant filed a motion for new trial, and set up among other things, improper conduct of the jury, in arriving at a verdict. The case-made contains this statement:

"Attached to the said motion is the following original statement and agreement of the said jurors made and signed by them while in their jury room, and while considering of their verdict, and on account and because of which their said verdict was reached:

" 'We, the jurors in this case, which are hung out for defendant in this case, agree that if the other nine jurors will sign their names to a statement saying that they do believe the defendant in this case has wilfully testified to a lie, we will give in and vote for plaintiff.'

"CHAS. S. HOLCOMB,
"E. J. GLENDENING,
"S. KEEL.

" 'We, the nine jurors in this case whose names are here below attached, do believe that the defendant did wilfully and knowingly swear falsely in the case now pending.'

"M. JEROME,
"H. H. FOREMAN,
"W. R. EMMONS,
"J. T. BURKE,
"F. W. PRATT,
"J. T.CLARK,
"J. H. JOHNSON,
"W. H. CARTER,
"J. L. BUTTERFIELD."

From the statement in the record, it appears that these statements were made out and signed by the jurors during their deliberation, and by reason of these statements a verdict was reached. Can it be said that the verdict afterwards delivered in the court was the result of the free, deliberate and unbiased judgment of all the jurors? The three must have had some ulterior purpose in requiring the

other nine to sign a written statement that they believed
the defendant has testified wilfully and knowingly falsely.
If they believed this, what difference could it make to them
whether the other nine believed it or not? Their propo-
sition is not to agree with the nine for the plaintiff because
they believe or have become convinced that the nine were
right, but the proposition is a conditional one, the effect
of which is, that if the nine jurors who are against the de-
fendant will sign their names to a written statement, say-
ing they believe that the defendant has wilfully lied, they
will then consent to a verdict for plaintiff. In view of the
conflicting character of the evidence, and the weakness of
plaintiff's testimony, we cannot say that the verdict is the
result of deliberate judgment. Both plaintiff and defend-
ant having submitted their cause to the jury, and the court
having properly instructed them as to the law, they were
each entitled to the free, deliberate, conscientious judgment
of each and every juror upon the facts, uninfluenced and
unbiased by any agreements or considerations whatever.
This they did not have in this case. The verdict was the
result of a barter or challenge. Nothing short of a free
and deliberate finding made upon a conscientious convic-
tion of the judgment of the jurors, will satisfy the law.
(*Mersers v. Shine,* 37 Iowa, 253.)

In the case of *Ryerson v. Kitchell,* 3 N. J. Law, 998
the jury after deliberating for some time and being unable
to agree, agreed to leave it to two of the jurors to go by
themselves and agree, and if the two could not agree, then
the two were to select a third juror as umpire; the two
failing to agree selected the third, and these three agreed to
find no cause of action. The jury then returned a ver-

dict in conformity to the finding of these three jurors. The court said:

"This transaction was unlawful and the judgment rendered on a verdict obtained in this manner cannot be supported."

Supporting the same general doctrine are *Snow v. Hardy,* 3 Minn. 77; *Richardson v. Coleman,* 131 Ind. 210; *Randolph v. Lampkin,* 90 Ky. 551; *Henderson v. State,* 12 Texas, 532; *Knight v. Fisher,* 15 Colo. 176; *Dormer v. Palmer,* 23 Cal. 40; *Burke v. Magee,* 27 Neb. 256; *Lee v. Clute,* 10 Nev. 149.

The judgment of the district court of Noble county is reversed, with direction to grant a new trial.

Hainer, J., who presided in the court below, not sitting; all the other Justices concurring.