LENA MORRISON *vs.* UNION PARK ASSOCIATION.

York.     Opinion October 17, 1931.

*Demond, Woodworth, Sulloway & Rogers,*
*Waterhouse, Titcomb & Siddall,* for plaintiff.
*Willard and Willard,* for defendant.

SITTING: PATTANGALL, C. J., DUNN, STURGIS, BARNES, FARRINGTON, THAXTER, JJ.

THAXTER, J.   The defendant in this case was operating a fair at which a horse race was being run. The plaintiff was a patron watching the race and was injured, when one of the horses left the track, jumped the gate near which she was standing, and knocked

her down. The negligence of the defendant is set forth in two counts. In the first, it is declared to be in a failure to provide a suitable place for the plaintiff to view the race, and in an omission to properly maintain, construct, guard and protect the gate. The second alleges that the defendant was negligent in permitting the particular horse to run, when the defendant knew or should have known that he was vicious and ugly. The case has been tried once before on the second count, and after a verdict for the plaintiff, a motion for a new trial was sustained. *Morrison* v. *Union Park Association*, 129 Me., 88. This court there held that permitting the horse to run was not in itself negligence; but in sending the case back for a new trial, it left open the issue raised by the first count of whether the defendant failed to exercise due care in not providing suitable barriers at the gate or in not warning the plaintiff of the danger of standing there. By agreement the case was retried on this count and after a verdict for the plaintiff is again before this court on a motion for a new trial and on exceptions. We shall not consider the motion as one of the exceptions must be sustained.

The presiding Justice carefully and accurately instructed the jury on the principles of law which should govern them in deciding the issue of fact under the first count, and made it clear that the allegations of the second were not to be considered by them. After they had retired, however, they returned and asked the following question:

"Assuming the association knew the horse was dangerous, was it necessary to withdraw the horse to safeguard the public?"

To this inquiry the Court made the following reply:

"The only instruction I can give you on that is this, gentlemen. Bearing in mind that the defendant association owed a duty to use due care and diligence in safeguarding patrons of the society by not doing anything negligent, under the definition I have given you, the question you ask me involves a question of fact upon which I can give no opinion; but you may consider on that point, pro and con, whether the acts of the defendant were negligent or otherwise."

392

( ਾ. The defendant's exception to this instruction must be sustained. The previous decision of this court, which held that it was not necessary for the defendant to bar the horse from the track and that permitting him to run was not in itself negligence, was binding as law on the trial court. *Taylor.* v. *Pierce Brothers, Ltd.,* 220 Mass., 254; 4 C. J., 1093. The main charge of the presiding Justice indicates plainly that he so understood it, and he explained to the jury the issue before them. The question asked by the jury, however, shows that they were confused on this point, and the reply of the Court in not giving a direct answer to their inquiry may well have added to their difficulties. We regret to order a new trial in a case which was handled by the presiding Justice with painstaking care, but the jury appear to have mistaken the real issue, and may have rendered a decision on a question not before them.

*Exception sustained.*
*New trial granted.*