QUINN et al. v. STATE ex rel. KING, Atty. Gen.

No. 22898.    Sept. 17, 1935.

Oscar W. Hudgins, for plaintiffs in error.

J. Berry King, Atty. Gen., W. C. Lewis, Asst. Atty. Gen., and R. A. Keller, for defendant in error.

CORN, J. This is an appeal from a judgment of the district court of Muskogee county, rendered upon the verdict of a jury, in a condemnation proceeding brought by the state of Oklahoma, on relation of the Attorney General, under the law of eminent domain, for the purpose of acquiring a right of way for a state highway across a tract of land owned by J. F. Quinn adjoining the town site of Haskell.

Three appraisements of the land were taken and assessments of the damages to the remainder of the tract were made before the case was finally tried to a jury. The first set of commissioners fixed the compensation at $1,627.50, and the defendants filed written exceptions thereto on the ground that the amount was inadequate. The court sustained the exceptions and appointed a new set of commissioners, who fixed the compensation at $2,987.50. The state took exceptions to this report on the ground that the commissioners were not properly selected from the jury list of the county. The exceptions were sustained and a third set of commissioners was appointed, and this time the compensation was fixed at $2,621.25. The state excepted to this report and demanded a trial by jury as provided by the statute. The jury rendered a verdict in favor of the defendants for the sum of $650, upon which the court rendered judgment accordingly. The defendants, as plaintiffs in error, brought this appeal, but for convenience the parties will be referred to herein as the state and the defendants in the order in which they appeared in the court below.

The right of way crossed a rectangular strip of land one-half mile long and one-eighth of a mile wide, taking 8.59 acres. It cut a diagonal curve through the full length of the tract from the northwest corner to the southeast corner thereof, and a grade was constructed somewhat above the natural level of the ground.

The defendants complain of the insufficiency of the verdict, and contend, first, that there was error in the assessment of the amount of damages to be recovered by the defendants.

The defendants point out the fact that two of the state's witnesses were permitted, over the objection of the defendants, to testify, in substance, that the value of the benefits to the remainder of the tract of land exceeded the damages thereto. Both these witnesses testified that the land, prior to the construction of the road, was worth $40 per acre, and that after the construction of the road it was worth $50 per acre; that the increase in the value of the land resulted from the establishment of the road through the land.

We are of the opinion that the receiving of this evidence by the court constituted reversible error. Section 24, art. 2, of the Oklahoma Constitution provides in part as follows:

"Private property shall not be taken or damaged for public use without just compensation. Such compensation, irrespective of any benefit from any improvements proposed, shall be ascertained by a board of commissioners of not less than three freeholders, in such manner as may be prescribed by law. * * *"

Where the report of the commissioners is excepted to and a jury trial demanded by either party, it necessarily follows that the jury may not take into consideration any benefit from the proposed improvement in ascertaining the compensation to be awarded the owner of the land. To allow the supposed benefit from the proposed improvement to be offset against the compensation allowed for the property taken or damaged might result in depriving the owner of just compensation in any case, and in some instances would deprive the owner of any compensation whatever, thus nullifying the foregoing provision in the Bill of Rights intended by the framers of the Constitution to protect the private ownership of property.

After admitting this testimony over the objection of the defendants, the trial court charged the jury in its instructions not to consider the benefits, if any, which might

result to the owner by reason of the road, but since the instruction was in conflict with the testimony received by the court, it could only serve to confuse the jury.

The defendants also contend that the testimony concerning negotiations for an easement, instituted by the state with the former owner of the land for the consideration of $650, and the inferences drawn therefrom by counsel for the state in his argument before the jury, were incompetent, and prejudiced the minds of the jury against the defendants, and caused the jury to ignore all the competent evidence of value and damages.

The state elicited from the defendant Quinn, the owner of the land, on cross-examination and over the objection of counsel, that the state had offered the former owner of the land, a Mr. Hancock, who resided in Illinois, the sum of $650 for an easement deed, and that Mr. Hancock executed the same, but sent it to his nephew, John Hancock, at Haskell, instead of delivering it to the state. Quinn purchased the land later, and the easement deed executed by Hancock was delivered to him with the other papers at the time the purchase was made. Quinn was also compelled to testify on cross-examination, over the objection of his counsel, that he had purchased another tract of land on the survey, but it did not appear that there was any controversy over the settlement for the right of way.

Counsel for the state, in his argument to the jury, remarked as follows:

"Mr. Quinn buys several tracts of land along this proposed highway and while negotiations were being made with Mr. Hancock for an easement and after Mr. Hancock had executed a deed therefor he purchased the land from Mr. Hancock and in some manner comes into possession of the easement deed which Mr. Hancock had executed. You gentlemen can draw your own conclusions from these facts as to the intention of the defendants. I have my opinion, but it is for you to determine from the facts and circumstances whether or not this enterprising Mr. Quinn should be allowed to speculate at the expense of the state."

The fact that the state's purchasing agent offered to give the sum of $650 for the easement deed, and the owner of the land, residing in a distant state and being at a great disadvantage to defend his rights, executed the deed, cannot be held as competent evidence as to the reasonable value of the land taken, or the amount of damages,

if any, to the remainder of the tract. Nor can it be held as an admission against interest of the defendant Quinn, even if he had knowledge of the fact at the time he purchased the land. Quinn had the right to demand what he considered just compensation, even though he purchased the land after the survey was located and after the state had entered negotiations with the former owner for the easement.

The rule applicable in this case is stated in 22 C. J. page 179, sec. 123, as follows:

"An offer to pay a certain amount for property does not necessarily involve an estimate that such is its full value, and therefore should not be received, as against the owner, for the purpose of establishing that the value is less than he claims."

We find no evidence in the record to justify the remarks of counsel in his argument to the jury complained of by the defendants. It does appear in the record that the defendant Quinn purchased a tract of land about three miles farther from town than the land in question; that the right of way took 2.57 acres, cutting off a corner of the tract; that the state paid the sum of $500 in settlement of the claim; and so far as the record shows, there was no controversy over the settlement. Of course, this evidence was incompetent, was objected to at the time, and should have been excluded. That this evidence was offered to make it appear that the defendant Quinn was deliberately purchasing land along the proposed highway to speculate at the expense of the state, and thereby to prejudice the jury against said defendant, is obvious from said remarks of counsel. No such inference can fairly be drawn from the facts and circumstances in the case.

In Tankersley v. Webster, 116 Okla. 208, 243 P. 745, it was held that:

"Where counsel, in argument to the jury, makes a statement of a material fact, not in evidence, or makes any statement outside the record calculated to prejudice the jury, over the objection of his adversary, he violates the right of a fair trial; and if the party aggrieved can show that any injury or substantial injustice has resulted thereby, or if the court believes that it is probable that the conduct complained of has resulted in a miscarriage of justice or constitutes a substantial violation of a constitutional or statutory right, a new trial should be granted, but such conduct under the law of this jurisdiction does not entitle the party aggrieved to a new trial as a matter of right."

There is too great a disparity between the various amounts fixed by competent witnesses as just compensation in this case and that fixed by the jury for this court to conclude that the verdict was not a result of prejudice and that the defendants were not injured thereby.

Mr. S. P. Mann testified on behalf of the state that in his judgment the compensation should be fixed at the sum of $1,371.30. He was the only witness for the state who gave competent testimony, the other two witnesses admitting that they took into consideration the benefits accruing to the owner of the land by reason of the improvement. The witnesses for the defendants valued the land at from $125 to $200 per acre, and the lowest estimate made by any of the three sets of commissioners was $1,627.50.

It should be borne in mind that in cases of this kind the only issue involved is the value of the land taken and the damage, if any, resulting to the remainder of the tract by reason thereof. It makes no difference when the owner acquired the property.

Being of the opinion that the defendants did not have a fair trial and that the defendants were injured thereby, the judgment of the trial court is reversed and the cause is remanded for a new trial.

McNEILL, C. J., OSBORN, V. C. J., and BAYLESS and WELCH, JJ., concur.