### KILBOURNE v. McALLISTER.

No. 26636.  Sept. 8, 1936.

Rehearing Denied March 2, 1937.

Cruce, Satterfield & Grigsby and James E. Grigsby, for plaintiff in error.

M. W. Eddleman, Chas. Hill Johns, and Miley, Hoffman, Williams, France & Johnson, for defendant in error.

PHELPS, J. In an action prior to the present one the defendant in this case sued one Mitchell and therein attached certain corporate stock which she alleged belonged to Mitchell, though it had been reissued to plaintiff and was listed in plaintiff's name on the books of the corporation. In that action the present plaintiff filed a motion to discharge the attachment, on the ground that the stock was her property and not Mitchell's, but the motion was not heard until after the trial of the main action, in which Mitchell prevailed, whereupon the attachment was perforce discharged. The stock had beeen held in attachment for about six months.

The plaintiff then filed this action against the former plaintiff in the other action, for damages by reason of wrongful attachment. The plaintiff recovered a verdict and judgment, and defendant appeals.

Over the objection of the defendant the trial court permitted the plaintiff to show in evidence an offer by a third party to purchase the stock, near the beginning of the period of attachment. It is urged by the defendant that such evidence was not admissible under the pleadings in this case, on the issue of the extent of damages. The proper approach to this question demands that we first examine the pleadings, to determine on what theory the action was brought. After alleging facts constituting wrongful attachment, the plaintiff set forth her allegations of damage, wherein she incorporated expenses incurred in attorney's fees, traveling expenses, and loss of time from employment, and then that the shares of stock "* * * were of the reasonable market value at the time of the attachment and seizure thereof, in the sum of $4,000, and that at the time of the discharge of said attachment and the release of said property, the same was of

the reasonable market value of $1,000, and that plaintiff has sustained an actual damage in the value of said stock in the sum of $3,000."

Thus, if we should read into the petition the inference that the wrongful attachment caused the depreciation in value of the stock, we nevertheless have here a complaint founded upon damage caused by depreciation in market value,. and no facts were alleged in the petition from which it could be inferred that defendant was charged in damages for the result of breaking up or preventing a contemplated sale by plaintiff, to her profit or benefit.

In the following cases we clearly expressed our adherence to the almost universal rule that on the issue of market value evidence of offers of purchase of the property in suit is inadmissible and it is unnecessary to repeat the oft-quoted reasons therefor: Page v. Oklahoma City, 129 Okla. 28, 263 P. 448; Quinn v. State ex rel., 173 Okla. 536, 49 P. (2d) 98; Cook v. First Nat. Bank, 110 Okla. 111, 236 P. 883; Blincoe v. Choctaw, O. & W. Ry. Co., 16 Okla. 286, 83 P. 903, 4 L. R. A. (N. S.) 890, 8 Ann. Cas. 689.

The question here seems simple enough. It is clearly a case for application of the familiar rule that if special damages are sought, they must be alleged. If such results as the prevention of an advantageous sale, even above the market value, or loss of profits, are caused by the wrongful attachment, the resultant damage may be recovered, but this does not mean that the owner may base his allegations on loss in market value, and then recover for loss from the preventing of a sale, thus keeping the defendant in ignorance of the real theory of recovery. That would manifestly be very unfair. The defendant would have no notice whatsoever of the intended proof, or the general nature thereof, but would, on the contrary, be led to preparation of a defense based on refutation of the allegations concerning market value. On the contrary, if the petition were so worded as to place the defendant on notice of the alleged prevention or breaking up of a sale, he would have his rightful opportunity to investigate before trial all of the pertinent angles of the alleged special damage. This is not a slight variance between the allegations and the proof; it is so substantial that the proof produced an entirely different class of detriment from that alleged.

It was specifically stated in Smith v. Autry, 69 Okla. 28, 169 P. 623, cited by plaintiff, that:

"The gravamen or gist of the plaintiffs' cause of action is that the act of the defendants wrongfully prevented the plaintiffs from making a sale * * *"

—and in that case it was so stated in the petition, which is not the case here. Similarly, in the following cases cited by plaintiff, such special damages were expressly alleged in the petition: Wellington v. Spencer, 37 Okla. 461, 132 P. 675; Leasure v. Hughes, 72 Okla. 75, 178 P. 696.

In First National Bank of Mounds v. Cox, 82 Okla. 129, 198 P. 579, the plaintiff sued to recover for wrongful attachment of certain personal property, and the petition alleged that he was "thereby damaged in the sum of $500." This court reversed the judgment for plaintiff therein, holding that the admission of evidence to establish special damages under such an allegation was reversible error. We quote from that decision:

"In an action * * * for wrongful levy of attachment upon property not the property of the defendant in the attachment action, where the allegations of the petition fail to plead special damages, general damages only may be recovered. General damages are defined to be such as the law implies or presumes to have occurred from the wrong complained of, or such damages as the law holds to be the necessary result of the action of the defendant. Special damages are such as actually result from the action of the defendant but are not such a necessary result that will be implied by law. * * * The authorities appear uniformly to hold that evidence of special damages cannot be introduced unless pleaded."

It was said in Bradley v. Borin, 53 Kan. 628, 36 P. 977:

"Where an action is for any tortious act or omission, involving injury or loss of property, the law infers an injury measured by its value, and the injured party may recover that standard under the general averment of damage, but, if a plaintiff seeks to recover other damages, they are special and exceptional, and must be alleged and proved."

The reason for the rule, as explained in Hamilton v. Kilpatrick (Tex. Civ. App.) 29 S. W. 819, is that such damages are not necessary results from an attachment, and should be pleaded in order that the opposite party may be prepared, if he can, to meet the evidence offered to establish such contingent injury. See, also, 2 R. C. L. 908; 6 C. J. 519.

It is contended by plaintiff that defendant should not be heard to urge the admission of this evidence as error, because defendant failed to specifically point out, in

her objection to its admission, that it was a departure from the pleadings. We do not agree. The grounds given for the objection were that such evidence is incompetent, irrelevant, and immaterial and not the proper method of proving damages, if any, in the case. This was sufficient. The testimony was elicited from plaintiff's first witness, in the beginning of the trial, at a time when defendant had no notice that the evidence was being offered for any purpose other than the establishing of market value, in accordance with plaintiff's pleadings.

We now consider the second assignment of error. Having permitted the plaintiff to prove the offer of purchase, the trial court then denied defendant the opportunity of showing the price at which some of the stock sold at actual sale, as reflective of its market value. This too was error. While offers of purchase or sale are almost always excluded on the issue of market value, actual voluntary sales of the same or similar property in the same locality and at approximately the same time are properly accepted as throwing some light on the question. We pointed out this distinction, and commented on it, in Blincoe v. Choctaw, O. & W. Ry. Co., 16 Okla. 286, 83 P. 903, 909. The remark of the Iowa court, in Morril v. Bentley, 150 Iowa, 677, 130 N. W. 734, is also pertinent here:

"While an offer to sell may in some cases be an indication of value, and the actual price for which a commodity has been sold may be shown on the question of its value, evidence of a mere offer to buy corporate stock at a certain amount per share by brokers is not competent to show the value of the stock."

We have held in a number of cases that evidence of what an article sold for in a bona fide sale is relevant to prove value, and may be taken as sufficient to establish its market value, in the absence of other evidence. See Wichita Mill & Elevator Co. v. Nat. Bank, etc., 102 Okla. 95, 227 P. 92; Guthrie Mill & Elevator Co. v. Thompson, 89 Okla. 173, 214 P. 716; 22 C. J. 141; 10 R. C. L. 956. The rule does not include, however, evidence of prices paid for property under condemnation, or at forced sale. Durell v. Public Service Co. of Oklahoma, 174 Okla. 549, 51 P. (2d) 517.

In defense of this error the plaintiff argues that defendant failed to set forth the date of the sale, without which evidence of the sale itself was inadmissible. We have examined the record on this point. It appears that counsel for defendant insistently and repeatedly attempted to show the date of the sale, but was prevented by the court from doing so. Furthermore, we are of the opinion that the date was sufficiently established from other evidence in the case, so that this objection alone should not have caused the exclusion of the evidence.

We do not overlook the fact that the same witness who made the offer also testified that the market value of the stock was the same as the price he would have paid upon further investigation. (We have not discussed the contingent nature of the offer.) Nor do we overlook the fact that the same witness whose testimony concerning the sale was excluded also testified that the market value at the time of the sale was a figure which, it so happens, would have been the same as the sale price if the latter had been admitted. Those facts do not cure the errors. It is apparent from the whole record, and from the itemized verdict, that the erroneous admission of the offer vitally influenced the jury. Furthermore, if the price at which the owner of 50 per cent. of the stock sold it had been admitted in evidence, the sale having taken place at about the same time as the offer which was described by the other witness, the effect would have been to materially strengthen the probative force of the seller's testimony concerning its market value, whose appraisal was much lower than that of the offerer.

The defendant also asserts that the evidence was insufficient to sustain that part of the verdict awarding exemplary damages. In this connection we have examined the record and the authorities cited by defendant, and without further comment it is sufficient to state that no error was committed in this phase of the trial. There was some competent evidence reasonably tending to prove the elements necessary to this class of damages. However, for the errors hereinbefore discussed, the judgment is reversed and the cause is remanded, with directions to grant a new trial.

McNEILL, C. J., OSBORN, V. C. J., and BAYLESS and WELCH, JJ., concur.