Pauline HERBER, Plaintiff in Error,

v.

Marie SNEE, Defendant in Error.

No. 36831.

Supreme Court of Oklahoma.

March 6, 1956.

Grigsby, Foliart & Hunt, by James W. Shepherd, Oklahoma City, for plaintiff in error.

T. R. Benedum, Paul W. Updegraff, Norman, for defendant in error.

JACKSON, Justice.

This is a guest-passenger action and was commenced in the trial court by Marie Snee, as plaintiff, against Pauline Herber, as defendant. Nine of the jurors returned a verdict for defendant. Plaintiff was granted a new trial on the sole ground of prejudice of one of the jurors in guest passenger cases as evidenced by his voir dire examination in a case later tried during the same jury term of court.

In support of the motion for a new trial plaintiff's counsel testified that after the jury had returned the verdict against his client some members of the jury stated to him that one of the jurors (Mr. Eastep) had said in the jury room during their deliberations that he did not believe in "driver-passenger" cases. That he had a bias and prejudice against them and as far as he was personally concerned that he would never render a verdict on behalf of a plaintiff in a case of that nature, which involved a passenger suing the driver of the car.

Following this conversation between plaintiff's counsel and members of the jury plaintiff filed her motion for a new trial and among other grounds, alleged:

" * * * Questions were also propounded (in the voir dire examination) to him to determine if he (juror Eastep) had any bias or prejudice against a rider suing a driver where a guest was injured by driver's negligence that was the proximate cause of the collision and guest was not guilty of contributory negligence.

"Juror Eastep answered the question in the negative, stating that he had no bias or prejudice against such a case and could sit as a fair and impartial juror; that the answer given by the juror, Thomas Eastep, was false and known to said juror to be false; that in the jury room on the 16th day of September, 1954, during the deliberation of said case the juror said he didn't believe in a guest suing a driver; that he further told the other jurors that he was biased and prejudiced against any such cases and that he would never vote damages for the plaintiff or any other guest to recover against a driver that gave a person a ride in a car. That said juror, Thomas Eastep, joined eight other members of the jury in returning a verdict against the plaintiff. * * *"

Plaintiff's counsel further testified that he obtained his information regarding the juror's alleged prejudice from members of the jury who served in this case with Eastep, and that the only place they had heard Eastep speak of his feelings toward this type of case was in the jury room during their deliberations. There is no evidence that Eastep had ever expressed his feelings regarding guest-passenger cases to anyone outside of the jury room.

At the outset plaintiff is faced with difficulty in proving these charges. This court is committed to the rule that upon grounds of public policy, jurors will not be heard by affidavit, deposition, or other sworn statements to impeach or explain their verdict, or show on what grounds it was rendered. Oklahoma, K. & M. Ry. Co. v. McGhee, 84 Okl. 116, 202 P. 277; Dillard v. Star Drilling Mach. Co., 180 Okl. 14, 66 P.2d 928. Under these decisions plaintiff would not be permitted to call Eastep, or any other juror who tried this case, as a witness to impeach their verdict.

The question here presented is whether we will make an exception to the general rule and permit a juror and his verdict to be impeached by his sworn statement in a subsequent voir dire examination.

A few days after the jury returned their verdict in this case there came on for trial, before the same Judge, the case of Edwards

v. Russell. It was also a guest-passenger case and was tried to the same jury panel. Plaintiff's counsel appeared for plaintiff in that case and defendant's counsel appeared for the defendant. Eastep was called as a prospective juror in the Edwards case. Apparently having in mind the information gained from the jurors regarding Eastep's conduct as a juror in the instant case, plaintiff's counsel proceeded to inquire of Eastep concerning his qualifications to serve as a juror in guest-passenger cases. A transcript of that voir dire examination is attached as an exhibit and was admitted in evidence in support of plaintiff's motion for a new trial in this case.

Eastep was subjected to a long and vigorous examination as to his possible prejudice in guest-passenger cases. While he steadfastly denied that he was prejudiced in guest-passenger cases, he admitted that he had stated that he did not believe in damage suits of that nature. He did not identify the place or the time or to whom he had made such statement. In an effort to identify the time and place plaintiff's counsel inquired:

"Q. Now, at that time (referring to the voir dire in this case) and now, as you later stated to several people— eleven in fact, you did at that time and do now have a bias and prejudice against actions of this nature, don't you?

"Mr. Hunt: Now, of course, that as inferred by his question, was in the jury room in the deliberation of a case.

"Mr. Updegraff: I have not asked him where it was.

"The Court: You don't have to answer that question, Mr. Eastep; if you had a reason and you made a statement in the jury room, you don't have to answer that question."

The trial court recognized the impropriety of an invasion of the jury room and the confidential nature of the juries' deliberations. The trial court correctly excluded this testimony. The trial court also correctly excluded the testimony of plaintiff's counsel as being hearsay, and having no probative value in support of plaintiff's motion for a new trial. It was admitted for all other purposes.

In disposing of the motion for a new trial the trial court concluded "from the acts, demeanor and answers of the juror Eastep, as shown in the voir dire examination in the case of Edwards v. Russell, that he was biased and prejudiced * * * and that plaintiff did not have a fair trial."

We hold that it was error to admit in evidence the voir dire examination from the subsequent case. To do so violates the rule that jurors will not be heard by affidavit, deposition, or other sworn statements to impeach or explain their verdict. There is greater reason for excluding a subsequent voir dire statement than exists for excluding a juror's sworn testimony in support of a motion for a new trial. In subsequent voir dire examination there is no proper place for cross examination. The purpose of a voir dire examination is to determine the qualifications of a jury to try the case then before the court. It should not be used to find errors in a case previously tried.

The judgment of the trial court in setting aside the verdict and sustaining the motion for a new trial is reversed, and judgment is rendered for the defendant.

JOHNSON, C. J., and CORN, DAVISON, HALLEY and HUNT, JJ., concur.

WILLIAMS, V. C. J., and BLACKBIRD, J., dissent.