Loran L. TEETER, Plaintiff in Error,

v.

Edward PACK, Defendant in Error.

No. 39336.

Supreme Court of Oklahoma.

May 21, 1963.

Loran L. Teeter, by Haskell Paul, Pauls Valley, for plaintiff in error.

Butler, Rinehart & Morrison, Oklahoma City, for defendant in error.

BLACKBIRD, Chief Justice.

In the present case, plaintiff in error seeks reversal of the trial court's order overruling his motion for a new trial, in an action he instituted against defendant in error, as defendant, for damages on account of personal injuries he allegedly suffered in October, 1959. According to plaintiff's petition, he was employed at defendant's service station, and received the injuries when he slipped on a greasy place on the station's concrete driveway, and fell, breaking his left leg and hip. Our continued reference to the parties will be by their trial court designations.

From the statement of the trial judge incorporated in the partial record of the trial proceedings, attached to the petition in error and filed in this court, it appears, among other things, that about one hour after the jury had retired to deliberate on the case, the court's bailiff informed the trial judge that the jury " * * * wanted to come to the court room on a point of information." When, after the trial judge's permission to do so was given, the jury returned to the court room, its foreman handed the judge a verdict form, on which appeared the following:

"We, the jury, drawn, empaneled and sworn in the above entitled cause, do, upon our oaths find fro the DEFENDANT. Not guilty as charged but we feel that the Plaintiff is entitled to just compensation and medical bills."

After reading said writing silently, the Judge informed the jury that it was not in proper form, and was not acceptable, as a verdict. The judge then told the jury to return to the jury room for further deliberation upon the evidence, under the instructions given when the cause was submitted to them. In an estimated 45 minutes, the jury returned to the court room with a verdict for defendant in proper form.

Said verdict was read, and, without objection on the part of anyone, it was then filed.

It seems to be plaintiff's position that the trial court should have sustained his motion for a new trial, because, under the circumstances, the verdict was the result—not of the jury's free deliberation and conscientious conviction—but of confusion and of undue and improper influence upon it by the trial judge, unalleviated by additional instructions which should have been given. He cites Gulf, C. & S. F. Ry. Co. v. Smith, Okl., 270 P.2d 629, Cities Service Oil Co. v. Kindt, 200 Okl. 64, 190 P.2d 1007, Williams v. Pressler, 11 Okl. 122, 65 P. 934, and Morrison v. Union Park Ass'n, 130 Me. 390, 156 A. 822, in support of his argument.

In our opinion, none of the cited cases are analogous or applicable to the present one. The occurrences which the court deemed prejudicial and, on account of which, the judgments in those cases were reversed, did not happen here. In this case there is nothing to indicate that the jury ever determined that defendant was *legally liable* for plaintiff's injuries, or that it had any basis for wishing he could recover any amount of damages, except the altruistic feeling that someone should pay for his accident.

Undoubtedly, the trial judge's indication to the jury that the first form of verdict presented to him, was not acceptable, and his telling its members that they would have to retire, and deliberate further under the instructions previously given, did not, under the circumstances here, induce the jury to later change its determination about any defendant's legal responsibility, as the remarks of the judge in the Cities Service Case, supra, obviously did.

Nor do we think that what occurred in this case had the tendency, we found in the Gulf, C. & S. F. Ry. Company Case to deter the jury from giving the case just as thorough consideration the second time it deliberated, as the first time.

Furthermore, if the jury may have been somewhat confused when it arrived at its

first verdict, there is no indication that what the judge said in their presence, when it was handed to him, "may well have added to their difficulties", as was thought in the Morrison Case, supra.

None of the authorities cited by plaintiff support his contention that under circumstances like those of this case, the trial judge should have either reiterated, or added to, his previous instructions that showed the jury it was free, within the proper limitations set forth therein, to return a verdict *either* in favor of the plaintiff *or* the defendant. (There is no claim of any error in the instructions given.)

As, on the basis of the record in this case, it does not appear probable that anything the trial judge said or did, or left unsaid or undone, resulted in any harm or prejudice to the plaintiff on the controlling issue of defendant's liability for his injuries, we cannot say that the trial court erred in overruling plaintiff's motion for a new trial predicated upon that ground. Accordingly, said order and/or judgment is hereby affirmed.