JOHN GODOMSKY, PLAINTIFF-RESPONDENT, v. MILTON J. FREEMAN, DEFENDANT-APPELLANT.

Submitted October 5, 1937—Decided April 9, 1938.

Before Justices CASE and DONGES.

For the plaintiff-respondent, *Herbert A. Kuvin.*

For the defendant-appellant, *Victor C. Hansen* and *Cox & Walburg.*

The opinion of the court was delivered by

CASE, J. The fundamental question is whether the doctrine of *res judicata* applies.

All of the litigations herein recited were in the Second District Court of the city of Newark. On or about December 12th, 1936, there was a circumstance or a combination of circumstances which caused property damage of various sorts. An automobile owned by John Godomsky was, as appears by Godomsky's testimony but not by the pleadings, being driven by Frances Schoeneick. Another car was being operated by the owner, Milton J. Freeman. In consequence of a collision between the two vehicles damage resulted to them and also to the front of a drug store belonging to Edward Merkin. On December 31st, 1936, Godomsky brought suit against Freeman. In that suit Freeman, on February 9th, 1937, filed a counter-claim. The counter-claim does not ground in the operation of Godomsky's car by an agent, either Schoeneick or otherwise. On January 15th, 1937, Merkin brought suit against Freeman, Godomsky and Schoeneick. On March 6th, 1937, Freeman instituted action against Schoeneick. On

April 14th, 1937, the Merkin suit came on for trial. The state of demand and the rest of the record in none of those suits, except the one above entitled and with which we are now dealing, are before us. We rely upon an order, the assertions of which are without sustaining proofs, made by the District Court judge in the instant cause on May 5th, 1937, for the following statement: "The defendants Frances Schoeneick and John Godomsky charged (viz., in the Merkin trial) that they were not guilty of any negligence whatsoever but that the defendant Milton J. Freeman was responsible and was solely guilty of negligence, and the defendant Milton J. Freeman, charged that he was not guilty of negligence but was free from negligence but that the said defendants John Godomsky and Frances Schoeneick were guilty of negligence." From the same source it comes to us that "through the course of the said trial (viz., the Merkin trial), a verdict was directed in favor of the defendant John Godomsky on the ground that no agency was established between John Godomsky as the owner and Frances Schoeneick as the operator of his said motor vehicle at the time of the said accident;" that the case was submitted to the jury as to the negligence of the defendants Schoeneick and Freeman and that the jury rendered its verdict finding both Freeman and Schoeneick guilty of negligence "and assessed the damages of the plaintiff, Edward Merkin, against both of them." Finding that the disposition of the Merkin case was *res judicata* of the matters at issue between Godomsky and Freeman with the exception of (a) whether or not Schoeneick was the agent or servant of the plaintiff Godomsky and (b) the amount of damages sustained by the plaintiff Godomsky, the order proceeded to direct that only those two issues remained to be tried out.

It may be conceded that in the suit by Merkin against Godomsky, Schoeneick and Freeman each defendant undertook to lay the fault upon one or the other of the remaining defendants without being brought to the conclusion that the issue thus tried out was identical with issues framed by suit and counter-suit between the defendants. It is not made clear to us why the court below considered that the Merkin

verdict was conclusive against the present litigants in other respects, and yet, although it found that there was no agency as between Schoeneick and Godomsky, that the issue of agency was to be retried. That issue was litigated in the Merkin trial, although not necessarily as between the defendants themselves; and if this saving be the reason for the distinction, all the more are we brought face to face with the fact that the Merkin trial was not a trial in disposition of the issues between the several defendants. The confusion incident to the process of determining what issues were and what were not disposed of in the one case with relation to the others is accentuated by the informality and lack of responsive pleadings whereby an issue is drawn in the District Court. Whatever ease or difficulty there may be in distinguishing an issue, the identity of the issue must be the same in order to justify the application of the doctrine of *res judicata*. It is necessary "that the right to relief in the one suit shall rest upon the same point or question which, in essence and substance, was litigated and determined in the first suit * * *." *In re Walsh's Estate,* 80 *N. J. Eq.* 565, 569. "The scope of the estoppel of a judgment depends upon whether the question arises in a subsequent action between the same parties upon the same claim or demand, or upon a different claim or demand. In the former case a judgment upon the merits is an absolute bar to the subsequent action. In the latter the inquiry is whether the point or question to be determined in the later action is the same as that litigated and determined in the original action." *Miller* v. *Stieglitz,* 113 *N. J. L.* 40, 44. The court below also recited in the order, *supra,* that "it clearly appears from the allegations and from the admissions of the attorneys on this argument that the accident involved in all of these cases herein mentioned is the same identical accident and also that the parties mentioned in these cases are the same parties." The accident may be the same and the issues different. It may reasonably be inferred that the contact between the automobile or automobiles and the building was subsequent to, although it followed upon, the collision between the automo-

biles; and while in a sense the accident may be said to be the same, there was the opportunity for intervening factors between the collision of one automobile with the other and the crash of one or both of them against the building. The paucity of proofs before the trial court in the instant case, and therefore in the transcript before us, leaves the findings below without support. Also, while it is true that the present parties are the persons of the same names who were in the other litigation, they were not *all* of the parties in that suit and we are left, by the record, in grave doubt whether the issue was, or was in the minds of either court, jury or litigants, identical with the one now mooted.

The conclusion reached by the editors of the 101 *American Law Reports, Annotated,* 105, upon a review of the leading cases in the country, is that:

"While the cases are not entirely in harmony, sometimes even in the same jurisdiction, the rule supported by the great weight of authority is that a judgment in favor of the plaintiff in an action against two or more defendants is not *res judicata* or conclusive of the rights and liabilities of the defendants *inter se* in a subsequent action between them, unless those rights and liabilities were expressly put in issue in the first action, by cross-complaint or other adversary pleadings, and determined by the judgment in the first action."

So, too, 15 *R. C. L.* 1013, § 487, concludes that "hence a judgment against several defendants is usually not conclusive as between themselves in respect to their rights and liabilities toward each other, unless the defendants contest an issue with each other, either upon the pleadings between themselves and the plaintiffs or upon cross pleadings between themselves." Circuit Court Judge Ackerson, sitting as Supreme Court commissioner in the case of *Pearlman* v. *Truppo,* 10 *N. J. Mis. R.* 477, adopted much the same line of reasoning. We have stated our view that the issue tried out in the Merkin case was not necessarily comprehensive of the claims stated in the demand and the counter-claim between Godomsky and Freeman. We observe further that

the co-defendants in the Merkin trial do not appear to have been in position to exhaust the right to produce witnesses, to examine and to cross-examine with respect to their cross-claims. They surely were not actually trying out their claims *inter sese* because none sought or received a judgment against another. The suits between the defendants appear to have been in position for trial when the Merkin suit went on. Yet there was no movement towards consolidation, and had there been it appears at least doubtful whether consolidation could properly have been effected against opposition from another party. The need for expedition and conclusion in litigation is not greater than the need for opportunity for the ascertainment, and the fair and full trial, of an issue. If such an opportunity was afforded the appellant, or if, to assume a more comprehensive hypothesis, the co-defendants in the Merkin trial were in the position of trying out their suits *inter sese*, with all of the rights and privileges that would attend such a contest, the record does not so disclose. Our view is that the court erred in applying the doctrine of *res judicata* with the record in the state in which it comes to us.

A secondary question is presented with respect to the charge of the court to the jury on the question of damages. But we think that the law as stated by the court to the jury was sound. Appellant contends that under the proofs the jury verdict should not have gone beyond a sum less than the actual award. Possibly so; but if he had wished the jury to be so instructed, he should have made request.

The judgment will be reversed, costs to abide the event.