**BANNING TRANSPORTATION, INC.,**
**Appellant,**

**v.**

**S. J. VANSICKLE et al., Appellees.**

**No. 46587.**

Supreme Court of Oklahoma.

Oct. 1, 1974.

G. Timothy Armstrong, Dykeman, Williamson & Williamson, Oklahoma City, for appellant.

William L. Anderson, Oklahoma City, Earl E. LeValley, Healton, for appellees, S. J. Vansickle and Larry Harbin.

IRWIN, Justice:

Appellee, S. J. Vansickle (transferor) was the holder of a motor carrier's certificate issued by the Corporation Commission

(Commission). An application was filed with Commission to transfer this certificate to appellee, Larry Harbin (transferee). This application sought to transfer, inter alia, the authority to transport mobile homes and portable buildings. Appellant objected only to the transfer of any authority relating to mobile homes and portable buildings. Commission approved the transfer and appellant appealed.

Transferor has had his certificate for over twenty (20) years and consistently transported many items but has never transported any mobile homes. On May 20, 1972, transferor and transferee (appellees) entered into a lease-rental agreement and transferor leased two trucks from transferee. Thereafter, transferee transported over 100 mobile homes with these two trucks prior to the date the application for transfer was filed on December 22, 1972.

Commission, in effect, found that the transferee was an agent of the transferor thus imputing transferee's actions in transporting the mobile homes to the transferor and that the lease agreement between the transferor and the transferee and their operations thereunder met the requirements of Commission's Rules and Regulations of Motor Carriers (R.R.M.C.).

47 O.S.1971, § 166, provides that motor carrier's permits or certificates shall not be assigned or transferred without Commission's approval and the transfer shall not be authorized " * * * where it appears that reasonable continuous service under the authority which is sought to be transferred has not been rendered for one hundred eighty (180) days prior to the application for transfer or assignment." Commission found that mobile homes had been transported within the last 180 days.

Sec. 166, supra, prohibits the transfer of the certificate in the case at bar unless the transportation of the mobile homes by the transferee under the lease-rental agreement constituted the acts of the transferor. Appellees contend that the transferee was acting as an agent of the transferor.

Appellees sought to meet the "reasonable continuous service" for 180 days under Rule 26 of the R.R.M.C. That rule authorizes leasing of equipment and operation of such equipment by the holder of a certificate only upon certain conditions. Under the conditions prescribed, the transferor, in the case at bar, would be required to have exclusive possession of the two trucks he leased from transferee and complete responsibility in respect thereto. Also, all charges for the transportation of the mobile homes by the transferee would be required to be made and billed by the transferor.

The burden is upon applicant to establish that reasonable continuous service has been rendered as prescribed by the above proviso. Rule 9(d) of the R.R.M.C.

Appellant has cited many factual circumstances disclosed by the record to sustain his contention that the operations conducted by the appellees were not authorized under the R.R.M.C. Appellees do not challenge those factual circumstances but contend that transferee was acting as the agent of the transferor at all times. The circumstances cited are: that transferor did not drive or operate any equipment used in the transportation of mobile homes; that he did not own any equipment which could be used in the transportation of mobile homes; that the transferee and not the transferor collected the revenues; that transferee paid transferor a percentage of the revenue for rental; that transferee was solely responsible for maintaining the equipment used; that transferee not transferor purchased R.R.M.C. vehicle stickers for the equipment used; that transferee prepared tariffs covering the transportation of mobile homes about which transferor had no knowledge; that transferee drove one of the trucks and transferee's employee operated the other; that transferee had control over himself and his employee and not transferor who did not even know transferee's employee's name; that the wife of transferee and not transferor prepared the invoices evidencing

the movement of mobile homes; and that many of the checks paid by shippers were payable to transferee not transferor; and that transferee took out an advertisement for the transportation of mobile homes in his own name not transferor's.

Most of these can appropriately be explained, but even so the only evidence that transferee was an agent is contained in the lease agreement which sets out that transferor "shall have sole possession, control and use of the vehicle" but then goes on to effectively give transferee all possession and control.

" * * * the law itself makes no presumption of agency, and the burden of proving agency, including not only the fact of its existence but also its nature and extent, rests ordinarily upon the party who alleges it." Agee v. Gant (1966), Okl., 412 P.2d 155 at 160.

"It is not what parties call relationship which determines legal nature thereof but rather it is what a party does or is authorized to do which determines status." Founders' Insur. Co. v. Rogers (Cal.1960), U.S.C.A. 9th Cir., 281 F.2d 332.

"An agency relationship does not exist unless conduct of parties manifests that one of them is willing for the other to act for him subject to his control and that the other consents to so act." Steinbrugge v. Haddock (Okl.1960), U.S.C.A. 10th Cir., 281 F.2d 871; See also Farmers Nat. Grain Corp. v. Young (1940), 187 Okl. 298, 102 P.2d 180; Restatement of Agency § 1.

"Under Oklahoma law, an 'independent contractor' is one who, exercising an independent employment contract to do work according to his own methods and without being subject to control of his employer except as to result of work." Albina Engine & Machine Works, Inc. v. Abel (Okl., 1962), U.S.C.A. 10th Cir., 305 F.2d 77; See also Cities Service Oil Co. v. Kindt (1948), 200 Okl. 64, 190 P.2d 1007.

The following excerpts from the transcript indicate the lack of control exercised by transferor:

"Q. And is it Mr. Harbin (transferee) that drives the equipment that you lease?

"A. (transferor) Yes, one of them.

"Q. Who drives the other one?

"A. I forget his name right now.

"Q. Does he work for you or Mr. Harbin? This other guy?

"A. He works for Harbin.

" * * *

"Q. Do you have any control over the drivers that drive these leased vehicles?

"A. That's up to him."

The lease agreement between appellees requires transferee:

"(d) To only perform such transportation as may be requested authorized and directed by the Carrier (transferor), and always under the direct supervision and control of the Carrier, insofar as the designation of the customers to be served or commodities transported."

Even so, as the transferee pointed out at the hearing, " * * * I'm the man in charge of drumming up the business, you know, and then paying a commission on it, is the way this works, I'm a lease operator."

Transferor was to give transferee ninety-five percent (95%) of the gross revenue under the lease-rental agreement but in reality transferee (the owner of the two vehicles doing the transporting of the mobile homes) was carrying on the entire business, i. e. soliciting sales in his own name, hiring employees, supervising maintenance, driving the trucks, billing customers, etc. Transferee would then send five percent (5%) of the gross revenue to transferor. The essence of this arrangement is that transferor has leased a portion of his authority (to transport mobile homes) under the certificate in exchange for five percent (5%) of what transferee can earn by the use of that portion of the certificate. Transferee had control (albeit the lease terms); he cannot be said to be transferor's agent.

Rule No. 25(a) of R.R.M.C. provides that "No certificate * * *, nor ANY PART THEREOF (emphasis added), or rights thereunder, shall be leased;" which "shall be grounds for revocation of the certificate, and shall be grounds for denial of application for authority."

"Corporation Commission has wide discretion in performing its statutory duty and on disputed questions of fact court may not substitute its judgment for that of commission unless commission's findings are unsupported by law and substantial evidence." Cameron v. Corporation Commission (1966), Okl., 414 P.2d 266.

Commission's finding that mobile homes "have actually been transported within the last 180 days" by the transferor is not supported by law and substantial evidence. There was no proof and Commission made no finding that public convenience and necessity than existed for the grant of the authority to the transferee. See Rule 9(e) of R.R.M.C.

The order of Commission is reversed.

All the Justices concur.