F I L E D

**United States Court of Appeals**
**Tenth Circuit**

UNITED STATES COURT OF APPEALS

JAN 29 2003

TENTH CIRCUIT

**PATRICK FISHER**
**Clerk**

PITTSBURG COUNTY RURAL
WATER DISTRICT NO. 11, an
Oklahoma rural water district,

       Plaintiff - Appellant,

v.

KPP SUPPLY COMPANY, a non-
profit Oklahoma Corporation; KIOWA
POWER PARTNERS, LLC; JUNIPER
WATER COMPANY, LLC; POWER
RESOURCE GROUP, INC., DONCO,
LLC; TENASKA, INC.

       Defendants - Appellees.

No. 01-7160
D.C. No. 01-CV-448-S
(E.D. Oklahoma)

ORDER AND JUDGMENT[*]

Before **KELLY**, Circuit Judge, **BRORBY**, Senior Circuit Judge, and
**MURPHY**, Circuit Judge.

Plaintiff-Appellant Pittsburg County Rural Water District No. 11 ("RWD")

appeals from the district court's order granting summary judgment to Defendants-

Appellees KPP Supply Co. ("KPP Supply") et. al.  RWD argues that the district

---

[*]This order and judgment is not binding precedent, except under the
doctrines of law of the case, res judicata, and collateral estoppel.  This court
generally disfavors the citation of orders and judgments; nevertheless, an order
and judgment may be cited under the terms and conditions of 10th Cir. R. 36.3.

court erred both procedurally by granting summary judgment before RWD had an opportunity to respond and substantively by granting summary judgment when genuine issues of material fact remain. Our jurisdiction arises under 28 U.S.C. § 1291, and we affirm.

Background

RWD is a nonprofit rural water district formed to provide water to residential and commercial customers in a defined service area in Oklahoma. Under 7 U.S.C. § 1926(b), a section of the Consolidated Farm and Rural Development Act, RWD claims it is protected from encroachment of its service area by a municipal corporation, other public body, or private franchise. When KPP Supply was formed to provide cooling water to an electric power generating plant within RWD's service area, RWD filed a declaratory judgment action in Oklahoma state district court seeking a finding that it had the sole right to furnish commercial water in the service area. KPP Supply removed the case to federal court under diversity jurisdiction.

In its motion to dismiss filed on August 10, 2001, KPP Supply argued that RWD's assignment to the Indian Nation Water Resources Corporation ("Indian Nation") of RWD's exclusive right to serve commercial customers effectively removed RWD's statutory protection. This motion to dismiss was followed by a

motion for summary judgment filed by KPP Supply on November 1, 2001, addressing further issues and RWD's proffered affirmative defenses. On November 6, 2001, the district court notified the parties that it intended to convert the August 10 motion to dismiss into a motion for summary judgment and gave the parties until November 13, 2001, to file additional materials. On November 14, 2001, RWD requested additional time to respond to the November 1 motion for summary judgment.

The district court issued its order granting the motion to dismiss (now converted to a motion for summary judgment) on November 16, 2001, holding that RWD had no standing to claim the exclusive right to supply commercial water in the service area under 7 U.S.C. § 1926(b) because it had completely assigned that right to Indian Nation. App. at 372-73. According to the court, only one entity can hold an "exclusive right" under a contract and RWD assigned that right away in its contract with Indian Nation. Thus, the court held that RWD could no longer claim statutory protection.

## Discussion

A.    Grant of Summary Judgment Prior to Plaintiff's Response

RWD claims that the district court erred by not allowing it to file its response to KPP Supply's motion for summary judgment before granting summary

judgment. Aplt. Br. at 14. It is clear, however, from the record that the district court ruled on an earlier motion to dismiss, albeit one converted to a motion for summary judgment. Appellant, in short, seems confused as to the motion upon which the court ruled.

It is true that the district court granted RWD an extension until December 5, 2001, to respond to KPP Supply's motion for summary judgment filed on November 1, 2001. App. at 169, 365. What is equally clear, however, is that the district court converted the earlier motion to dismiss (filed on August 10, 2001) into a motion for summary judgment, as permitted under Fed. R. Civ. P. 12, and provided RWD a "reasonable opportunity to present all material made pertinent to such a motion." Fed. R. Civ. P. 12(b); see also App. at 352 (Minute Order giving notice that court intended to convert motion to dismiss into motion for summary judgment). The extension of time, then, went only to the later-filed motion for summary judgment and not to the earlier motion to dismiss, a fact which RWD itself seems to acknowledge. See App. at 364 (stating that "request for extension goes only to the Summary Judgment Motion filed herein and not the Motion to Dismiss previously filed by the Defendants").

We are fully satisfied that the district court here acted properly in "convert[ing] a Rule 12(b)(6) motion to dismiss into a summary judgment proceeding in order to consider matters outside of the plaintiff's complaint" and

that the court "g[a]ve the parties notice of the changed status of the motion and thereby provide[d] the parties to the proceeding the opportunity to present to the court all material made pertinent to such motion by Rule 56." Brown v. Zavaras, 63 F.3d 967, 969 (10th Cir. 1995) (quotations omitted). Because the district court did not cite any of the arguments or evidence presented in the November 1 motion for summary judgment, it is difficult to see how the court's ruling could properly be characterized as a ruling on that motion.[1] Instead, the court referred only to the arguments of the August 10 motion to dismiss–a motion to which RWD had already responded.

B.    Summary Judgment

Turning, then, to the substantive aspects of this appeal, we review de novo the district court's converted summary judgment order. Schlicher v. Thomas, 111 F.3d 777, 779 (10th Cir. 1997). In doing so, we view the record in the light most favorable to the party opposing summary judgment. McKnight v. Kimberly Clark Corp., 149 F.3d 1125, 1128 (10th Cir. 1998). Summary judgment is appropriate if there is no genuine issue of material fact and the moving party is entitled to

---

[1] There is a passing reference in a footnote to the court's order that it acknowledges the filing of motions to dismiss and motions for summary judgment by newly added defendants. This alone hardly suffices to show that the court was thereby ruling on KPP Supply's November 1 motion for summary judgment, and the substantive arguments contained in the court's order all go to the earlier motion to dismiss.

judgment as a matter of law. <u>Celotex Corp. v. Catrett</u>, 477 U.S. 317, 322 (1986); Fed. R. Civ. P. 56(c).

The basis for the district court's order is that RWD lacks standing to pursue its claim since it no longer can demonstrate an "injury in fact," because, in turn, RWD no longer has the statutory protection of 7 U.S.C. § 1296(b). <u>See Lujan v. Defenders of Wildlife</u>, 504 U.S. 555, 560-61 (1992). Before the district court was the undisputed fact that RWD and Indian Nation had entered into an agreement granting Indian Nation the exclusive right to supply commercial water in the district. App. at 30. Nor is it disputed that RWD had the authority to so assign its rights under Okla. Stat. tit. 82, § 1324.10(9).

RWD's rejoinder to these undisputed and seemingly dispositive facts is that Indian Nation was its agent but that RWD retained the rights and, thereby, statutory protection from encroachment of its service area. The express language of the contract and the elements of principal-agency law belie this contention and no facts suggest otherwise. The language of the contract provides that Indian Nation is "an independent contractor." App. at 33. In order for an agency relationship to exist, however, the principal must maintain some control over the means employed by the agent. Such control is usually lacking where one of the parties is an independent contractor. <u>See Banning Transp., Inc. v. Vansickle</u>, 527 P.2d 586, 588 (Okla. 1974) ("Under Oklahoma law, an 'independent contractor' is

- 6 -

one who, exercising an independent employment contract to do work according to his own methods and without being subject to control of his employer except as to result of work.").

RWD also raises a vague argument that the contract with Indian Nation is ambiguous and offers evidence not presented before the district court to argue for such ambiguity. Aplt. Br. at 8-10; App. at 376-77. RWD's argument before the district court was not that the contract was ambiguous but instead created an agency relationship with Indian Nation. Because this ambiguity argument is raised for the first time on appeal, we will neither consider it, see FDIC v. Noel, 177 F.3d 911, 915 (10th Cir. 1999), nor the new evidence offered in its support, see Allen v. Minnstar, Inc., 8 F.3d 1470, 1475 (10th Cir. 1993).

AFFIRMED.

Entered for the Court


Paul J. Kelly, Jr.
Circuit Judge